# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**PHILIP MICHAEL BATTAGLIA**                                **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 1:09cv198-RHW**

**SHERIFF DAVID ALLISON and**
**PEARL RIVER COUNTY**                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is [23] Defendants' motion to dismiss for failure to prosecute filed September 10, 2009. Plaintiff's response to the motion was due by September 28, 2009,[1] but Plaintiff has neither responded, nor requested any extension of time to respond to the motion. Despite Plaintiff's lack of a response, because this is a dispositive motion, the Court must address it on the merits. The Court having reviewed the entire record in this case, finds, for the following reasons, that the motion should be granted.

Procedural History and Facts

On March 5, 2009, Plaintiff filed this prisoner civil rights lawsuit pursuant to 42 U.S.C. § 1983, challenging the conditions of confinement and medical care provided at Pearl River County Jail. The Court conducted an omnibus/screening hearing on May 27, 2009. The parties have consented to jurisdiction by the U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) and *Fed. R. Civ. P.* 73, and the case was reassigned to the undersigned for all purposes by order entered June 12, 2009. [19], [20].

On June 4, 2009, Defendants filed [15] their answer to Plaintiff's amended complaint, and served Plaintiff with interrogatories, requests for production, and requests for admissions.

---

[1] Local Rule 7.2(C) and (D), *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*.

[16], [17] and [18]. Plaintiff did not respond to the discovery, and on July 28, 2009, Defendants moved the Court to deem the admissions admitted, and to compel Plaintiff to respond to the interrogatories and requests for production. [21]. By order entered July 30, 2009, the Court declined to deem the admissions admitted, but granted the motion to compel and ordered Plaintiff to serve responses to Defendants' interrogatories, requests for production, and requests for admissions by August 31, 2009. The order expressly, and in boldface type, warned Plaintiff that his failure to cooperate in discovery or to comply with the Court's orders might result in sanctions including dismissal of his lawsuit. [22]. In addition, the docket reflects that Plaintiff had already been twice warned by the Court that his failure to comply with the Court's orders "will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal" of the case. [5], [6].

Plaintiff failed to comply with the July 30, 2009 order, and served no discovery responses by August 31, 2009. This led to the September 10, 2009 filing of the motion presently before the Court which urges dismissal of the case for Plaintiff's lack of prosecution and failure to comply with the order regarding discovery. Pursuant to the Rules then in effect, Plaintiff's response to the motion to dismiss was due September 28, 2009. As previously stated, Plaintiff filed no response to the motion to dismiss. Instead, on September 28, 2009, he filed notice of service of responses to Defendants' interrogatories and requests for admissions. [24], [25]. Plaintiff's response to to eleven of the twenty-three interrogatories and to eighteen of the twenty-two requests for admissions was, "Objection." The docket still indicates no response whatsoever by Plaintiff to Defendants' requests for production.

On October 28, 2009, Defendants filed [26] their second motion to deem their requests for admissions admitted and to compel responses to their first set of interrogatories and requests

for production. Plaintiff's response to motion [26] was due November 16, 2009. Plaintiff filed no response.

Since filing this lawsuit, Plaintiff has ignored this Court's orders, failed to cooperate in discovery and failed to make any response to motions filed against him. The Court finds that Plaintiff's conduct warrants dismissal of this action pursuant to Rule 41(b), *Fed. R. Civ. P.*, which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

See, also, *Stewart v. Jones*, 946 F. Supp. 466 (S.D. Miss. 1996). It is therefore,

**ORDERED** that the motion to dismiss is granted and this case is dismissed with prejudice.

SO ORDERED, this the 9th day of December, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE